UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-01671-CAS-KSx | Date | March 20, 2026 |
|---|---|---|---|
| Title | Jing Liu v. James Turco et al | | |

**Present: The Honorable   CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                Not Present

**Proceedings:**      (IN CHAMBERS) – PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. 25, filed on March 13, 2026)

## I.    INTRODUCTION

On February 17, 2026, Jing Liu ("plaintiff") filed a complaint against James Turco, Margaret Cheng Turco, American Gateway Regional Centers, LLC ("AGRC"), 1875 N. Palm Canyon Gateway Partners I, LP ("Canyon Partners I"), 1875 N. Palm Canyon Gateway Partners II, LP ("Canyon Partners II"), JM Investment Group, LLC ("JMIG"), Kristi Noem, Joesph B. Edlow, and Alissa Emmel (collectively, "defendants").[1]  Dkt. 1 ("Compl.").  The complaint asserts fraud claims against James Turco, Margaret Cheng Turco, AGRC, Canyon Partners I, Canyon Partners II, and JMIG (collectively, "non-federal defendants").  Id. ¶¶ 102-181.  The complaint asserts Administrative Procedure Act claims against Kristi Noem, Joeseph B. Edlow, and Alissa Emmel (collectively, "federal defendants").  Id. ¶¶ 182-212.

On March 13, 2026, plaintiff filed the instant *ex parte* application for a temporary restraining order against the federal defendants.  Dkt. 25 ("App.").  Plaintiff's application asks this Court to require the federal defendants their successors, subordinates, agents, and assigns, to recognize and maintain that plaintiff's legal status and lawful presence in

---

[1] Kristi Noem is sued in her official capacity as Secretary of the Department of Homeland Security.  Compl. ¶ 25.  Joseph B. Edlow is sued in his official capacity as the Director of the United States Citizenship and Immigration Services ("USCIS").  Id. ¶ 26.  Alissa Emmel is sued in her official capacity as the head of the Immigrant Investor Program at USCIS.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-01671-CAS-KSx | Date | March 20, 2026 |
|---|---|---|---|
| Title | Jing Liu v. James Turco et al | | |

the United States remains in place from March 23, 2026, through and including April 27, 2026. App. at 5.

On March 14, 2026, plaintiff filed a motion for preliminary injunction against the federal defendants. Dkt. 26 ("Mot."). Plaintiff's motion for preliminary injunction asks this Court to order the federal defendants, their successors, subordinates, agents, and assigns to terminate and debar the non-federal defendants and to recognize Ms. Liu as a "good-faith investor." App. at 5.

Having carefully considered the plaintiff's arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

### A.    The EB-5 Program

In 1990, Congress created the employment-based, fifth preference ("EB-5") visa program, a path to permanent residency for noncitizens that create U.S. jobs by investing in new commercial enterprises ("NCEs"). Immigration Act of 1990, Pub. L. No. 101-649, § 121(a), 104 Stat. 4978, 4987-90 (codified as amended at 8 U.S.C. § 1153(b)(5)).

The EB-5 immigrant investor visa program's requirements have changed over time. In 1992, Congress created a pilot program setting aside visas for qualified immigrants who invested through a designated "regional center," instead of directly in an NCE. Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1993, Pub. L. No. 102-395, § 610(a), 106 Stat. 1828, 1874 (1992). At first, the regional center pilot program was authorized for five years. Id. Congress repeatedly reauthorized the regional center program,[2] until it lapsed in June 2021 after its

---

[2] See Pub. L. No. 105-119, § 116(a)(2), 111 Stat. 2440, 2467 (1997); Pub. L. No. 106-396, § 402(a), 114 Stat. 1637, 1647 (2000); Pub. L. No. 108-156, § 4(b), 117 Stat. 1944, 1945 (2003); Pub. L. No. 110-329, § 144, 122 Stat. 3574, 3581 (2008); Pub. L. No. 111-8, div. J, § 101, 123 Stat. 524, 988 (2009); Pub. L. No. 111-83, § 548, 123 Stat. 2142, 2177 (2009); Pub. L. No. 112-176, § 1, 126 Stat. 1325, 1325 (2012); Pub. L. No. 114-113, div. F, tit. V, § 575, 129 Stat. 2242, 2526 (2015); Pub. L. No. 115-31, div. F, tit. V, § 542, 131 Stat. 135, 432 (2017); Pub. L. No. 115-141, div. M, tit. II, § 204, 132 Stat.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-01671-CAS-KSx | Date | March 20, 2026 |
|---|---|---|---|
| Title | Jing Liu v. James Turco et al | | |

reauthorization in 2020.  Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, div. O, tit. I, § 104, 134 Stat. 1182, 2148 (2020).

An EB-5 investor petition is filed on Form I-526.  An approved petition grants conditional permanent resident status for two years.  8 U.S.C. § 1186b(a)(1).   Upon approval of the EB-5 petition, the immigrant's spouse and minor children are also eligible to apply for conditional resident status.  Id. § 1153(d).  The requirements and procedures for the conditional basis of the investor and their spouse and/or children's permanent resident status are set forth in 8 U.S.C. § 1186b(c) and 8 C.F.R. § 216.6.  A petition for removal of the investor's conditional status is made on Form I-829 and must be filed during the ninety-day period immediately preceding the investor's lawful admission for permanent residence.[3]  8 U.S.C. § 1186b(d).  The petition must be accompanied by evidence demonstrating the requisite capital was invested, that the capital investment requirement was maintained over the two years of conditional residence, and that ten full-time jobs for qualifying employees were created or can be expected to be created within a reasonable time.  8 C.F.R. § 216.6(a)(4).

"Failure to properly file the petition to remove conditions within the 90-day period . . . shall result in the automatic termination of the investor's permanent resident status and the initiation of removal proceedings."  8 C.F.R. § 216.6(a)(5).  "USCIS shall send a written notice of termination and a notice to appear to an investor who fails to timely file a petition for removal of conditions.  No appeal shall lie from this decision; however, the investor may request a review of the determination during removal proceedings."  Id.

Otherwise, if the petition is timely filed, "USCIS shall review the petition to remove conditions and the supporting documents to determine whether to" interview the investor or "waive the interview and approve the petition."  Id. § 216.6(b)(1).  The petition to remove the conditions shall be adjudicated within ninety days of the date of

---

348, 1049 (2018); Pub. L. No. 116-6, div. H, tit. I, § 104, 133 Stat. 13, 475 (2019); Pub. L. No. 116-94, div. I, tit. I, § 104, 133 Stat. 2534, 3019 (2019).

[3] "The investor's spouse and children may be included in the investor's petition to remove conditions.  Where the investor's spouse and children are not included in the investor's petition to remove conditions, the spouse and each child must each file his or her own petition to remove the conditions on their permanent resident status, unless the investor is deceased."  8 C.F.R. § 216.6

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-01671-CAS-KSx | Date | March 20, 2026 |
|---|---|---|---|
| Title | Jing Liu v. James Turco et al | | |

filing or within 90 days of the interview, whichever is later.  Id. § 216.6(c)(1).  If USCIS denies the petition:

> USCIS will provide written notice to the investor of the decision and the reason(s) therefore, and shall issue a notice to appear.  The investor's lawful permanent resident status and that of his or her spouse and any children shall be terminated as of the date of USCIS' written decision.  The investor shall also be instructed to surrender any Permanent Resident Card previously issued by USCIS.  No appeal shall lie from this decision; however, the investor may seek review of the decision in removal proceedings.  In proceedings, the burden shall rest with USCIS to establish by a preponderance of the evidence that the facts and information in the investor's petition for removal of conditions are not true and that the petition was properly denied.

8 C.F.R. § 216.6(d)(2).

"Over the years, concerns grew that the regional center program was susceptible to fraud and abuse."  Behring Reg'l Ctr. LLC v. Mayorkas, No. 22-CV-02487-VC, 2022 WL 2290594, at *2 (N.D. Cal. June 24, 2022) (citing Mirror Lake Village, LLC v. Wolf, 971 F.3d 373, 378 (D.C. Cir. 2020) (Henderson, J., concurring)).  "Worries mounted that regional centers might be taking advantage of foreign investors."  Id.  So in 2022, Congress passed the EB-5 Reform and Integrity Act of 2022 (the "RIA").  Consolidated Appropriations Act, 2022, Pub. L. No. 117-103, div. BB, 136 STAT. 49, 1070-1109 (codified primarily at 8 U.S.C. § 1153(b)(5)(J), (M)).  The RIA restored and substantially reformed the EB-5 program, including adding regional center requirements, sanctions for failing to comply with those requirements, and protections for "good faith investors."  Id.

For example, regional centers are required to pay an annual "Integrity Fund" fee by October 1 of each year, used by the Department of Homeland Security ("DHS") to investigate EB-5 fraud.  Id. § 1153(b)(5)(J)(ii)(I), (iii).  If a regional center fails to pay the fee within 90 days of its due date, the Secretary of DHS "shall ... terminate the designation."  Id. § 1153(b)(5)(J)(iv)(II).  "Seemingly recognizing that these sanctions could have harsh consequences for investors unaware of noncompliance, the RIA included protections for "good faith investors."  Desai v. Emmel, No. 25-CV-05123-RFL, 2026 WL 485695, at *2 (N.D. Cal. Feb. 20, 2026) (citing 8 U.S.C. § 1153(b)(5)(M)).  Upon the termination or debarment of a regional center, an NCE, or a job-creating entity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-01671-CAS-KSx | Date | March 20, 2026 |
|---|---|---|---|
| Title | Jing Liu v. James Turco et al | | |

("JCE"), "an otherwise qualified petition . . . or the conditional permanent residence of a [noncitizen investor] . . . shall remain valid or continue to be authorized, as applicable." 8 U.S.C. § 1153(b)(5)(M)(i). Additionally, the Secretary "shall" notify associated investors about the termination or debarment. Id. The investor's visa petition and conditional permanent residence status shall be terminated 180 after such notification unless the investor makes a new qualifying investment or associates the commercial enterprise they invested in with another regional center. Id. § 1153(b)(5)(M)(ii).

The RIA also added an administrative exhaustion requirement for any determination made under the EB-5 program. 8 U.S.C. § 1153(b)(5)(P)(ii) (subject to limited exceptions, "no court shall have jurisdiction to review a determination under this paragraph until the regional center, its associated entities, or the [noncitizen] investor has exhausted all administrative appeals.").

**B.    The Present Case**

Plaintiff alleges that she is a Chinese national who is legally present in the United States as a permanent resident through the EB-5 investor program. App. at 4 (citing dkt. 25-1 ("Liu Decl.") ¶¶ 3, 9, 11. Plaintiff alleges that her conditional permanent resident status expires on March 23, 2026. Id. (citing Liu Decl. ¶ 11). Plaintiff alleges that the legal status of her son, Jingyan Zhang, is derivative of plaintiff's status, and thus also expires on March 23, 2026. Id. (citing Liu Decl. ¶¶ 61-62). Plaintiff alleges that because her permanent resident status is derived through the EB-5 investor program, she needs documents proving that her investment created at least ten jobs to renew her permanent resident status. Id.

Plaintiff alleges that she is an EB-5 investor and invested in Canyon Partners I, the NCE where defendants Margaret Cheng Turco and James Turco are general partners through AGRC. Id. (citing Liu Decl. ¶ 9). Plaintiff alleges that in August 2025, she asked Margaret Cheng Turco to provide plaintiff with the documents necessary to complete her application to renew her permanent resident status. Id. (citing Liu Decl. ¶ 57). Plaintiff alleges that Margaret Cheng Turco waited until January 15, 2026, to provide plaintiff with an answer. Id. (citing Liu Decl. ¶ 59). Plaintiff alleges that Margaret Cheng Turco informed plaintiff that Canyon Partners I, the NCE, and Canyon Partners II, the JCE, had failed in 2021 when Canyon Partners II declared bankruptcy. Id. at 4-5 (citing Liu Decl. ¶ 59). Plaintiff alleges that she learned all of this information for the first time in January 2026. Id. at 5 (citing Liu Decl. ¶ 59).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:26-cv-01671-CAS-KSx | Date | March 20, 2026 |
|---|---|---|---|
| Title | Jing Liu v. James Turco et al | | |

Plaintiff alleges that she has since discovered more deceit and brings this action alleging that Margaret Cheng Turco and James Turco defrauded her. Id. Plaintiff alleges that the Turcos' alleged fraud and alleged failure to pay required fees merit automatic termination and debarment from the EB-5 investor program. Id. Plaintiff alleges that the federal defendants are statutorily obligated to debar and terminate the Turcos, AGRC, Canyon Partners I, Canyon Partners II, and JMIG from the EB-5 immigrant investor program. Id.

Because plaintiff's permanent resident status expires on March 23, 2026, plaintiff argues that expedited treatment of plaintiff's *ex parte* application for a temporary restraining order against the federal defendants is necessary to prevent plaintiff from losing legal permanent resident status while she prosecutes her claims in this Court. Id.

## III. LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-01671-CAS-KSx | Date | March 20, 2026 |
|---|---|---|---|
| Title | Jing Liu v. James Turco et al | | |

resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

## IV.    DISCUSSION

The Court notes that plaintiff's instant *ex parte* application does not satisfy the Central District of California's local rules for notice. The local rules require the *ex parte* applicant's counsel "(a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." C.D. Cal. L.R. 7-19.1. On February 26, 2026, the Clerk of Court issued a summons in this action. Dkt. 17. Plaintiff has yet to file a proof of service as to any defendant. This *ex parte* application was filed on March 13, 2026, with a "Certificate of Service" that certified that the application was served on all defendants by electronic email. App. at 25. Such notice falls short of the requirement to make reasonable, good faith efforts to orally advise counsel for defendants. The Court may waive notice if it finds that "the interest of justice" so requires the application to be heard without notice. C.D. Cal. L.R. 7-19.2. Here, the Court waives the notice requirement because the Court finds that denying the *ex parte* application prior to plaintiff's alleged March 23, 2026 deadline to file her I-829 petition serves the interest of justice and does not prejudice defendants.

Because defendants have yet to be served in this action, plaintiff's motion for preliminary injunction is improperly filed. See C.D. Cal. L.R. 65-1 (citing Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party.")). Accordingly, plaintiff's motion for preliminary injunction, dkt. 26, is stricken and may be re-filed only after plaintiff effectuates service pursuant to Fed. R. Civ. P. 4 and files a proof of service as to the adverse parties to such a motion.

Plaintiff's *ex parte* application for a temporary restraining order requests that the Court order the federal defendants "to recognize and maintain that [plaintiff and her son's] permanent residency status continues unaltered and in legal status through April 27, 2026," and requests that the Court restrain the federal defendants "from treating [plaintiff and her son's] legal status and lawful presence in the United States as having

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:26-cv-01671-CAS-KSx | Date | March 20, 2026 |
|---|---|---|---|
| Title | Jing Liu v. James Turco et al | | |

lapsed." Dkt. 25-13 ("Plaintiff's Proposed Order") at 2-3. The Court denies the application because the Court does not have the authority to confer legal resident status upon any immigrant. See United States v. Ginsberg, 243 U.S. 472, 474 (1917) ("[A noncitizen] who seeks political rights as a member of this nation can rightfully obtain them only upon terms and conditions specified by Congress. Courts are without authority to sanction changes or modifications; their duty is rigidly to enforce the legislative will in respect of a matter so vital to the public welfare."). The Court may not create an equitable remedy that disregards statutory requirements. See I.N.S. v. Pangilinan, 486 U.S. 875, 883 (1988) ("Courts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law.") (quoting Hedges v. Dixon County, 150 U.S. 182, 192 (1893)); see also United States v. Oakland Cannabis Buyers' Co-op., 532 U.S. 483, 497 (2001) ("[A] court sitting in equity cannot 'ignore the judgment of Congress, deliberately expressed in legislation.'") (quoting Virginian R. Co. v. Railway Employees, 300 U.S. 515, 551 (1937)). Here, plaintiff's requested relief is for the Court to extend plaintiff and her son's conditional permanent resident status beyond what is provided by statute. See 8 U.S.C. § 1186b and 8 C.F.R. § 216.6 (statute and regulations governing removal or extension of conditional status). The power to grant such relief "has not been conferred upon the federal courts, like mandamus or injunction, as one of their generally applicable equitable powers."). Pangilinan, 486 U.S. at 883 (citing 28 U.S.C. § 1361; 28 U.S.C. § 1651).

To the extent that plaintiff asks the Court to compel the federal defendants to terminate and debar the non-federal defendants from the EB-5 investor program and notify plaintiff of her 180-window to amend her petition to meet the applicable eligibility requirements, see App. at 11, the Court has the authority, under the APA, to compel agency action unlawfully withheld, or the authority, under the Mandamus Act, to compel an agency to perform a duty owed. 5 U.S.C. § 706(1); 28 U.S.C. § 1361. However, here, the Court finds that plaintiff has not demonstrated a likelihood of success on the merits as to an APA or mandamus claim. That is because neither of the alleged statutory duties of the federal defendants—to immediately terminate and debar the non-federal defendants from the EB-5 investor program for failing to pay fees and/or fraud and to subsequently notify plaintiff of opportunity to amend her petition as a good faith investor—are sufficiently alleged to be "a discrete agency action that [the federal defendants are] required to take." Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004). First, "the RIA [does] not require termination by a particular date," and plaintiff has provided no factual allegations as to when the federal defendants learned of the non-federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-01671-CAS-KSx | Date | March 20, 2026 |
|---|---|---|---|
| Title | Jing Liu v. James Turco et al | | |

defendants' alleged ineligibility to support a claim that their mandatory debarment or termination from the EB-5 program is unreasonably delayed. Desai v. Emmel, No. 25-CV-05123-RFL, 2026 WL 485695, at *5 (N.D. Cal. Feb. 20, 2026). Second, "the duty to provide [good-faith investor protections] is triggered by the regional center's termination," which has not occurred yet. Id. "As such, those protections [have not been sufficiently alleged to be] unlawfully withheld or delayed." Id.

The Court acknowledges that wrongful removal from the United States can constitute irreparable harm. Nat'l TPS All. v. Noem, 150 F.4th 1000, 1025 (9th Cir. 2025). Nonetheless, the termination of a noncitizen investor's EB-5 conditional permanent resident status, which will either automatically occur upon the noncitizen's failure to file an I-829 petition at the expiration of the two-year conditional period or occur upon USCIS's denial of a properly filed I-829 petition, does not automatically result in the noncitizen investor's removal. See 8 U.S.C. 1186b (b)(2), (c)(2)(B), (c)(3)(D). Instead, the termination of a noncitizen's EB-5 conditional resident status results in the initiation of removal proceedings, during which the noncitizen may request a review of the determination. Id. 8 U.S.C. § 1252(g) explicitly deprives the Court of jurisdiction to hear "any cause or claim by or on behalf of [a noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen] under this chapter." 8 U.S.C. § 1252(g). Accordingly, even if plaintiff's status had already expired and the threat of removal was imminent, the Court would lack jurisdiction to hear plaintiff's claims challenging her removal. Id.

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's *ex parte* application for a temporary restraining order. The Court **STRIKES** plaintiff's motion for preliminary injunction, dkt. 26.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |